MARK D. LONERGAN (State Bar No. 143622)
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA HUDSON, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO BANK, N.A., a Delaware corporation,<br><br>　　　　　　Defendants. | Case No.:  C11-03966 JCS<br><br>Class Action<br><br>**STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE**<br><br>[Fed. R. Civ. P., Rule 41(a)]<br><br>Complaint filed: August 12, 2011 |

　　　　Plaintiff Victoria Hudson ("Hudson") and defendant Wells Fargo Bank, N.A., ("Wells Fargo"), through their counsel, stipulate as follows:

　　　　1.　　Hudson filed this putative class action against Wells Fargo alleging that Wells Fargo failed to pay her interest that accrued on her rehabilitation escrow account.  Hudson asserted claims for breach of contract and breach of fiduciary duty arising out of the alleged conduct.

　　　　2.　　After the lawsuit was filed, Hudson and Wells Fargo conducted an investigation of the claims asserted.  Based upon the investigation, Hudson no longer wishes to pursue her class claims and has agreed to dismiss with prejudice her individual claims against Wells Fargo.

　　　　3.　　No motion for class certification has been filed in this matter, and the Court has not certified any class.

Case No.: C11-03966 JCS

4. The dismissal of this case will not preclude putative class members' claims, if any. Wells Fargo denies that it breached any contract, breached or owed any fiduciary duty, or violated any applicable law with respect to Hudson or any member of the putative class alleged by Hudson.

5. Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure allows the parties to stipulate to the dismissal of an action at any time.  Rule 23(e) does not limit the right to stipulate to dismissal of this putative class action because it only applies to certified classes, and no class has been certified in this matter.  No notice is required to putative class members under Rule 23(e) since, as explained above, the settlement and dismissal does not bind them in any way.

Accordingly, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Hudson and Wells Fargo agree that the action shall be dismissed in its entirety and with prejudice with respect to the claims by Hudson individually against Wells Fargo, and without prejudice as to any claims by the putative, uncertified class against Wells Fargo.

Hudson and Wells Fargo further agree that each party shall bear her or its own costs and attorneys' fees.

IT IS SO STIPULATED.

DATED: February 7, 2012				SEVERSON & WERSON
							A Professional Corporation

							By: _____/s/ Erik Kemp_____
							        Erik Kemp

							Attorneys for Defendants
							WELLS FARGO BANK, N.A.

DATED:  February 7, 2012			BRAMSON, PLUTZIK, MAHLER &
							BIRKHAEUSER, LLP

Dated: February 8, 2012				By: _____/s/ Robert M. Bramson_____
							        Robert M. Bramson

							Attorneys for Plaintiff
							VICTORIA HUDSON

[STAMP: IT IS SO ORDERED — Judge Joseph C. Spero — United States District Court, Northern District of California]

Attestation: I, Erik Kemp, am the ECF user whose identification and password are being used to file this Stipulation for Dismissal of Entire Action with Prejudice.  I hereby attest that Robert M. Bramson has concurred in this filing.

						_____/s/ Erik Kemp_____